```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
KARLENE ANN-MARIE LAMONT,                                   :
                                                            :   MEMORANDUM
                              Plaintiff,                    :   DECISION AND ORDER
                                                            :
             - against -                                    :   20-cv-4581(BMC)
                                                            :
                                                            :
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                            :
                              Defendant.                    :
                                                            :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this social security disability and supplemental security income review proceeding, plaintiff challenges the determination of the Commissioner, after a hearing before an Administrative Law Judge, on two narrow grounds.

First, plaintiff contends that the ALJ should not have relied on the testimony of a vocational expert that plaintiff could perform the job of a "document preparer," as defined in the Dictionary of Occupational Titles. Citing Zacharopoulos v. Saul, 516 F. Supp. 3d 211 (E.D.N.Y. 2021), plaintiff argues that the job of "document preparer" is obsolete and thus does not exist in significant numbers in the national economy. Plaintiff (and the court in Zacharopoulos) are probably right that the job of "document preparer" is obsolete because, as defined in the DOT, the job requires the preparation of documents "for microfilming" by "using paper cutter, photocopying machine, [and] rubber stamps … ."[1] Plaintiff's common-sense point is that virtually nobody uses microfilm anymore since the advent of digital data, and although there are

---

[1] DICOT § 249.587-018, "document preparer," available at https://occupationalinfo.org/24/249587018.html.

likely a few people who use paper cutters, photocopying machines, and rubber stamps in their jobs, they are not using those devices to prepare documents for microfilming – at least not in any significant numbers.

However, as the Commissioner points out in response, that doesn't mean that the ALJ committed error. Although it is customary for vocational experts at these hearings to identify three jobs that a claimant can perform, the statute and regulations only require identification of one job. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(b) (requiring a significant number of jobs "in one or more occupations…".); Bavaro v. Astrue, 413 F. App'x 382, 384 (2d Cir. 2011) ("The Commissioner need show only one job existing in the national economy that Bavaro can perform."). Here, the vocational expert testified that plaintiff could also do the job of a "touch-up screener" and "call-out operator." Plaintiff does not challenge that testimony. Thus, the ALJ's finding that there are jobs in the national economy that plaintiff can perform survives review.

Plaintiff's second, somewhat more substantive, point also relates to the testimony of the vocational expert. Specifically, in hypothetically describing a claimant with plaintiff's limitations in his question to the vocational expert, the ALJ did not include the use of a cane. There is no dispute that, in fact, plaintiff does use a cane. Plaintiff therefore argues that the hypothetical did not adequately cover her limitations.

The Commissioner has offered two responses to this but I need not address the second because the first is correct – the medical necessity of using of a cane or any other assistive ambulatory device, to be part of a plaintiff's limitations (first at step two and then incorporated into the ALJ's hypothetical at step five of the sequential analysis), must be reflected in "medical documentation establishing the need for a hand-held assistive device to aid in walking or

standing, and describing the circumstances for which it is needed… ." SSR 96-9p. Although plaintiff testified that a doctor had prescribed her cane, she did not identify the doctor who supposedly gave her a prescription, and the record contains no documentation that she ever received such a prescription. As the ALJ noted:

> The undersigned has considered the claimant's use of a cane during the relevant period, noting that she appeared to consistently use this device in meetings with providers and examiners. However, the undersigned notes that no treating source opined that the claimant required this device to ambulate and neither did a consultative examiner, Dr. Meisel. The record also does not contain a prescription for this device, suggesting that it was not medically necessary for ambulation. As such, the record does not support a finding that the claimant requires this device for ambulation. Even so, given her consistent use of this device, the undersigned has considered the use of this device in determining that the claimant is limited to the sedentary exertional level.

(Record citations omitted). The ALJ was correct. Plaintiff has not pointed to any part of the record that contains the necessary medical documentation for a cane.

In addition, I would note that a remand to rephrase the hypothetical to include a cane would likely not be an efficient use of resources as it would almost certainly reflect the same result. Both of the (remaining) jobs that the vocational expert identified for plaintiff, consistent with the ALJ's determination of plaintiff's residual functional capacity, are sedentary. That of course does not mean that there is no walking involved, but there is no reason to think that the jobs of touch-up screener and call-out operator cannot be performed by someone who uses a cane.

For the reasons set forth above, plaintiff's motion for judgment on the pleadings is denied and the Commissioner's motion for judgment on the pleadings is granted.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated:  Brooklyn, New York
       November 2, 2021